C-13-11
(Rev. 11/97)



WILLIAM SCHWENN
CLERK, U.S. BANKRUPTCY COURT
P. O. BOX 26100
GREENSBORO, NC  27420

NOTICE OF PROPOSED PLAN AND TIME FOR FILING OBJECTION THERETO

TO: ALL INTERESTED PARTIES PLEASE TAKE NOTICE:

RE: RONALD LEE SCOTT        Case No. B-0082964   C-13D
    CYNTHIA SEALS SCOTT

1. A copy of the proposed order for confirmation of the above-named debtor(s)' plan is attached.

2. The plan will be confirmed on the date indicated on the proposed order unless a timely objection is filed. There will be no hearing on confirmation unless a timely objection is filed.

3. Written, detailed objections must be filed within 25 days of the date of this notice with the Clerk of Court, U. S. Bankruptcy Court, P. O. Box 26100, Greensboro, NC  27420-6100, and copies served on: (1) Richard M. Hutson, II, Standing Trustee, P. O. Box 3613, Durham, NC  27702; (2) the attorney for the debtor(s); and, (3) the debtor(s). If the objecting party is a corporation, the objection must be filed by legal counsel admitted to practice in this District.

4. In the event a timely objection is filed, a hearing on the objection to confirmation and confirmation of the proposed plan will be held on  Tue Feb 20, 2001  at 10:00 AM in the Courtroom, First Floor, Durham Centre, 300 West Morgan Street, Durham, NC  27701.  The party objecting must appear at this hearing.

5. If an objection is filed, the debtor(s) and attorney for the debtor(s) will be required to appear at the hearing.

6. The final order of confirmation of the plan will not be mailed to affected parties unless there is a change from the attached proposed order.

    This the   8th  day of     January      , 2001.

                              OFFICE OF THE CLERK
                              WILLIAM L. SCHWENN, CLERK

ST-6a
(Rev. 3/98)

| RONALD LEE SCOTT | B-00-82964 C-13D |
| CYNTHIA SEALS SCOTT | B-00-82964 C-13D |

PROPOSED ORDER OF CONFIRMATION CERTIFICATE OF MAILING

I, _____LeAnne Tilley_____ , certify that on this date I mailed a copy of the proposed Order of Confirmation and notice of time for filing objections to:

---

RONALD LEE SCOTT
119 W BARDEN STREET
ROXBORO NC

27573

CYNTHIA SEALS SCOTT
119 W BARDEN STREET
ROXBORO NC

27573

---

JOHN T ORCUTT
6616-203 SIX FORKS ROAD
RALEIGH NC

27615

HOUSEHOLD AUTOMOTIVE FINANCE
P O BOX 17904
SAN DIEGO CA

92177-7904

---

USDA RURAL HOUSING SERVICE
CENTRALIZED SERVICE CENTER
P O BOX 66827
ST LOUIS MO
63166

WFS FINANCIAL INC
P O BOX 25343
SANTA ANA CA

92799-5343

---

NC DEPARTMENT OF REVENUE
P O BOX 1168
RALEIGH NC

27602-1168

NC DEPARTMENT OF REVENUE
% NC DEPARTMENT OF JUSTICE
P O BOX 629
RALEIGH NC
27602-0629

---

NC DEPARTMENT OF REVENUE
% UNITED STATES ATTORNEY
310 NEW BERN AVENUE
RALEIGH NC
27601-1461

PERSON COUNTY TAX COLLECTOR
P O BOX 1701
ROXBORO NC

27573

---

BANKFIRST
P O BOX 5052
SIOUX FALLS SD

57117

DILL FEDERAL CREDIT UNION
P O BOX 241
ROXBORO NC

27573

---

PAGE 1    - CONTINUED ON NEXT PAGE

ST-6a
(Rev. 3/98)

CH13D 0082964

RONALD LEE SCOTT                        B-00-82964 C-13D

CYNTHIA SEALS SCOTT                     B-00-82964 C-13D

PROPOSED ORDER OF CONFIRMATION CERTIFICATE OF MAILING
(CONTINUED)

---

| | |
|---|---|
| DISCOVER BANK<br>P O BOX 8003<br>HILLARD OH<br>43026 | EMPIRE ACCEPTANCE COMPANY<br>P O BOX 18245<br>GREENSBORO NC<br>27419 |
| GMAC<br>CENTRALIZED COLLECTIONS CENTER<br>P O BOX 105270<br>ATLANTA GA<br>30348-5270 | STATE EMPLOYEES CREDIT UNION<br>LOAN ADMINISTRATION<br>P O DRAWER 25279<br>RALEIGH NC<br>27611-5279 |

Date: **JAN 0 8 2001**

*[signature]*
Chapter 13 Office
Durham, North Carolina

PAGE 2   OF 2

```
C-13-7
(Rev. 3-93)
```
                        UNITED STATES BANKRUPTCY COURT
                         MIDDLE DISTRICT OF NORTH CAROLINA
In Re:                                                              ORDER CONFIRMING PLAN
                                               )                         CHAPTER 13
                                               )
Ronald Lee Scott            , SS# 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  )                        (Individual)
                                               )
Cynthia Seals Scott         , SS# 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  )
                                               )
                                     Debtor(s) )     No: B- 0082964  C-13D

At Greensboro, N.C., in said District, this ___7th___ day of __February__, 2001.

A.  Trustee as checked:
    ( ) Kathryn L. Bringle, 226 South Liberty Street, 2nd Floor, PO Box 2115, Winston-Salem, NC 27102-2115
    ( ) Anita Jo Kinlaw Troxler, 500 West Friendly Avenue, PO Box 1720, Greensboro, NC 27402-1720
    (x) Richard M. Hutson, II, 300 West Morgan Street, Suite 425, PO Box 3613, Durham, NC 27702

B.  Amount of Plan Payment to Trustee $1,100.00 per __month__ beginning __01/07/01__

C.  Attorney for Debtor: _____ John T. Orcutt _____

D.  Estimated Return to Unsecured Creditors is _____25%_____

E.  Secured Claims as follows:

         Name                              Amount Per Month           Total Amount
    Empire Acceptance                                                   $2,490.18
    (2nd deed of trust at 12% interest)

This plan is confirmed to pay all secured and priority claims in full, except long-term real estate claims, and to pay the greater of: (i) a 25% dividend to unsecured claims; or, (ii) a minimum of 36 monthly plan payments.

PROPERTY OF THE ESTATE: Notwithstanding any provision of the plan to the contrary, all property of the estate, as specified by 11 U.S.C. §§ 541 and 1306, shall continue to be property of the estate following confirmation.

AVOIDANCE OF LIENS: Notwithstanding allowance of a claim as secured, all rights under Title 11 U.S.C. to avoid any liens are reserved to the debtor(s) and the Trustee. Confirmation of the plan is without res judicata effect as to any action to avoid lien.

UNSECURED GENERAL CLAIMS: All insurance and warranty coverage on unsecured general claims is canceled and the claimant required to reflect cancellation of the items and rebate to the account as of the petition filing with any filed claim to reflect the cancellation and rebate. Failure of the filed claim to reflect cancellation and rebate of the items shall result in a requirement that the claimant amend the claim not later than 10 days from the date of confirmation of the plan.

Payment to priority, secured and specially classified creditors shall be pro-rated according to the balance of their claims, unless a monthly payment is indicated herein.

HOUSEHOLD AUTOMOTIVE
The debt due Household Automotive secured by a 1999 Chevrolet S10 shall be recognized as secured at the interest rate of 11% or contract interest rate, whichever is less, when said claim is timely and properly filed evidencing a properly perfected security interest in the collateral.

USDA RURAL HOUSING ("USDA")
The debtor(s) is/are currently delinquent in mortgage payments to USDA. When an arrearage claim is timely and properly filed, the claim shall be allowed in favor of said creditor in an amount equal to the delinquent monthly payments through the month prior to confirmation, without interest, and if necessary, the Standing Trustee's office shall amend the claim to reflect such amount. Said creditor shall also be paid its regular monthly payments by disbursements under this Plan when said claim is timely and properly filed. The indebtedness due said creditor is a long-term debt and is nondischargeable pursuant to the provisions of 11 U.S.C. 1328(a). USDA is required to report any and all payment changes in reference to the monthly payment on the account to the office of the Trustee not later than 30 days from the effective date of the payment change due to the Trustee being the disbursing agent during the life of the plan.

WFS FINANCIAL
The debt due WFS Financial secured by a 1999 Mercury Sable shall be recognized as secured at the interest rate of 11% or contract interest rate, whichever is less, when said claim is timely and properly filed evidencing a properly perfected security interest in the collateral.

PERSON COUNTY TAX COLLECTOR
The debt due Person County Tax Collector for real property taxes, if any, shall be recognized as secured at the interest rate of 9%, when said claim is timely and properly filed. A claim for personal property taxes assessed before the commencement of the case and last payable without penalty within one year before the commencement of the case shall be entitled to a priority claim pursuant to 11 U.S.C. §507(a), when said claim is timely and properly filed.

STATE EMPLOYEES CREDIT UNION ("CREDIT UNION")
The claim of the Credit Union is secured by a share account having a balance of $25.80. The automatic stay is hereby modified to permit the Credit Union to apply the share account securing the claim as a setoff in accordance with 11 U.S.C. §553, leaving an allowed unsecured claim in the amount of $8,812.20.

The Standing Trustee shall Discontinue Filing arrearage payments in six months if necessary.

Case 00-82964    Doc 4    Filed 01/10/01    Page 4 of 6

IT IS ORDERED that the following item(s) be returned to the security holder(s) in full satisfaction of the unpaid balance(s) thereon unless otherwise indicated below. Debtor(s) may either physically return the item(s) or notify the security holder(s) that they may be picked up. Titles to vehicles will be signed by the debtor(s).

F. Chapter 13 Family Budget & Finance Lectures at the time and place as checked below:

( ) Agricultural Center, 3309 Burlington Road, Greensboro, NC, from 7:00 p.m. until 9:00 p.m. on _____
( ) Agricultural Center, 1450 Fairchild Drive, Winston-Salem, NC, from 7:00 p.m. until 9:00 p.m. on _____
(x) Durham Co. Agricultural Extension Office, 721 Foster St., Durham, NC, from 7:00 p.m. until 9:00 p.m. on _____

Debtor(s) will be advised of the scheduled class dates.

It having been determined after hearing on notice that the plan complies with the provisions of Chapter 13, and with all other applicable provisions of Title 11; that all fees, charges or amounts required under Chapter 123 of Title 28 or by the plan, to be paid before confirmation, have been paid; that the plan has been proposed in good faith and not by any means forbidden by law; that the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor(s) were liquidated under Chapter 7 of Title 11; that with respect to each allowed secured claim provided for, the holder has accepted the plan or the plan provides that the holder shall retain the lien(s) securing the claim and the value distributed under the plan is not less than the allowed amount of such claim; and that the plan as proposed is the debtor's(s') best effort; wherefore, it is concluded that the plan should be confirmed and other appropriate orders made and entered to effectuate the plan; and, it is therefore ORDERED as follows:

(1) The plan is hereby confirmed. If this case is either dismissed or converted to a Chapter 7, the property vesting in the debtor(s) by reason of this Confirmation Order will remain subject to the existing lien(s) as of the time of the filing of the case subject to adjustments of the amounts paid under this plan.

(2) No unsecured claimant would have been paid in full if the estate of the debtor(s) were liquidated under Chapter 7 of Title 11 unless otherwise indicated above.

(3) TRUSTEE: The Trustee shall collect and disburse the monies subject to the Order of the Court and subject to the Trustee's bond heretofore approved by this Court.

(4) PAYMENTS: To effectuate the plan the debtor(s) shall pay to the Trustee the sums as entered in Paragraph B above over a period of three (3) years; provided, however, if the plan is approved for payments longer than three years, good cause has been shown, payments are approved for the period as set forth, but in no event over a period longer than five (5) years. The payments as proposed shall continue until voluntarily increased by the debtor(s) or until further orders of the Court are entered affecting either the payments, the plan, or termination thereof.

(5) CREDIT: Debtor(s) shall not incur any indebtedness without the approval of the Trustee. All credit cards must be returned immediately.

(6) SAVINGS: The debtor(s) is(are) authorized where applicable to maintain a savings account through payroll deduction at work.

(7) REAL PROPERTY: Debtor(s) shall not transfer any interest in real property without the approval of this Court. The Trustee is authorized to record on the public records such documents as he may deem advisable for the purpose of giving all persons notice of this case and the restrictions against conveying real property. When the notice is no longer applicable, the Trustee shall file an appropriate cancellation of such notice.

(8) LONG-TERM REAL PROPERTY AND MOBILE HOME INDEBTEDNESS: In the event the debtor(s) own real property or a mobile home, the debtor's(s') interest in the real property or mobile home financed with financial institutions identified hereinabove remains subject to any valid claim or interest of these creditors upon completion of this case.

(9) DISBURSEMENTS: Disbursements shall commence and be made by the Trustee as soon as monies therefore become available, and at as regular intervals as possible, and as directed by the Court and such disbursements shall be made in the following order, amounts, and for the purposes mentioned:

(a) The Trustee shall transfer from this case such costs and commissions as the Court may from time to time approve in the general order of the operation of the Trustee's office.

(b) Unless otherwise ordered by the Court, the attorney for the debtor(s) is allowed a fee in the amount of $1,000.00 to be paid by disbursements by the Trustee at the rate of $100.00 per month.

(10) SECURED CLAIMS AND VALUATIONS: Secured claims as listed in Paragraph E above shall be paid according to the terms of the respective security agreements unless otherwise indicated above, and any payments in arrears are to be paid as soon as funds are available. It is found as a fact that the said articles on which the security agreements exist are necessary and essential to the debtor(s) for the successful operation of this plan. The property securing all allowed secured claims is valued at the amount allowed herein as secured claims. All other chattel mortgages and security interests are disallowed as secured claims; however, such mortgages and security interests, if filed, are recognized as unsecured claims unless otherwise indicated.

(11) TAX CLAIMS: Upon the filing of a proof of claim with the Trustee's office by IRS and State, City or County Departments of Revenue, said claim(s) will be paid in this Chapter 13 case unless objected to and the Court directs otherwise in specific cases. The IRS or State Departments of Revenue holding allowed claims in a Chapter 13 case shall be authorized to set-off a tax refund due and owing the debtor(s) for any tax year during the life of the debtor's(s') case until said claim is paid in full and shall forward any net tax refund proceeds or future refunds (after authorized set-off satisfies said allowed claim liability to such agencies) due and owing a Chapter 13 debtor(s) for any tax year during the life of the debtor's(s') case directly to the debtor(s) unless otherwise ordered by the Court or otherwise instructed by the Trustee.

(12) CO-SIGNERS: All creditors during the pendency of this case are restrained from commencing or continuing any civil action or attempting in any manner whatsoever to collect all or any part of a consumer debt proposed to be paid under this plan from any individual that is liable on such debt with the Debtor as endorser, guarantor or co-maker unless further ordered by the Court.

(13) VEHICLES: The Trustee may release vehicles to the proper lienholders without notice to the Debtor and without further orders of this Court if the Debtor falls behind as much as thirty (30) days in his payments to the Trustee. The Trustee shall notify the Debtor where and when to deliver said vehicles to the lienholders. The Debtor shall maintain collision insurance on any vehicle on which there is a lien. If said insurance is not maintained, the Debtor is ordered to store the vehicle as designated by the Trustee. The Trustee shall release the vehicle to the lienholder unless insurance has been obtained within thirty (30) days after storage.

(14) PAY DEDUCTIONS: The employer of the Debtor shall deduct from the wages, salary or commission of the Debtor and pay to the Trustee such sums at such times as the Trustee from time to time may designate in writing for the employer to pay.

_____
U.S. BANKRUPTCY JUDGE

**CERTIFICATE OF MAILING**

This is to certify that the below signed Deputy Clerk mailed a copy of this Order of Confirmation to the following parties at their respective addresses:

Standing Trustee

DATED:_____     _____
                                   DEPUTY CLERK